# Exhibit A

**E-filed for Record**
**11/5/2020 9:54 AM**
**Floyd County, GA**

## IN THE SUPERIOR COURT OF
## FLOYD COUNTY, GEORGIA

| | | |
|---|---|---|
| Michael Taylor | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | **FILE NO.:**   20CV01953 |
| | ) | |
| vs. | ) | |
| | ) | |
| Georgia-Pacific Wood Products | ) | |
| South, LLC | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

JASON B. SANKER, EQUIRE
McRae, Smith, Peek, Harman & Monroe, LLP,
111 Bridgepoint Plaza, Suite 300
PO BOX 29
Rome, Georgia 30161

an answer to the petition which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____5_____ day of ____NOVEMBER____, 2020.

Clerk of Superior Court

BY____/s/ Kelly Steele_____
Deputy Clerk

## IN THE SUPERIOR COURT OF
## FLOYD COUNTY, GEORGIA

| | | |
|---|---|---|
| Michael Taylor | ) | **CIVIL ACTION** |
| | ) | **FILE NO.:** 20CV01953 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Georgia-Pacific Wood Products | ) | **JURY TRIAL DEMANDED** |
| South, LLC | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff **Michael Taylor** (hereafter "Plaintiff") by and through his attorneys of record, and files his Complaint for Damages and Demand for Jury Trial against Defendant Georgia-Pacific Wood Products South, LLC, (hereafter "Defendant") showing this Court as follows:

## INTRODUCTION

1.

This is a civil action for monetary damages for discrimination and is brought pursuant to Age Discrimination in Employment Act of 1967 (*29 U.S.C. § 623(a)(1)*).

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over this civil action because it arises under the Age Discrimination in Employment Act of 1967 (*29 U.S.C. § 623(a)(1)*).

3.

Venue is proper in this Court pursuant to O.C.G.A. § 9-10-93 because the alleged unlawful

employment practices were committed in Floyd County, Georgia, and Defendant maintains a place

of business and conducts business in Floyd County, Georgia.

## EXHAUSTION OF ADMINISTRATIVE PROCEDURES

4.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal

Employment Opportunity Commission (EEOC).  Plaintiff files this complaint within ninety (90)

days of receiving a notice of the right to sue from the EEOC.  A copy of the right to sue is attached

hereto as Exhibit "A" and incorporated herein by this reference.

## FACTS

5.

Upon information and belief, the Defendant is a domestic corporation and may properly be

served through its registered agent, CT Corporation System, whose address is 289 S. Culver St.,

Lawrenceville, Georgia, 30046-4805.

6.

Plaintiff was an employee for Defendant from 2013 to 2014, after which Plaintiff moved

to work at a different company.

7.

In 2016, at the request of one of Defendant's Production Managers, Ken McDonald,

Plaintiff began his second stint as an employee for Defendant.

E-filed for Record
11/5/2020 9:54 AM
Floyd County, GA

8.

Plaintiff was abruptly terminated on or about November 29, 2018 following a short meeting during which no human resources personnel were present. The Plaintiff was 56 years old at that time.

9.

Immediately prior to termination of his employment, Plaintiff worked as an Environmental Health and Safety Manager for Defendant.

10.

Plaintiff's salary at the time of his termination was $95,000.00 per year.

11.

At the time of Plaintiff's termination, he also had a United Healthcare Gold Plan and a 401(k) account which Defendant contributed to on a dollar for dollar basis up to 8% of Plaintiff's compensation.

12.

Prior to his termination, Plaintiff was not notified of any dissatisfaction with his work performance in the form of a write-up, meeting with management, or any other means.

13.

During the above-referenced meeting, Plaintiff was not given any paperwork.

14.

Plaintiff was informed by management that he was terminated due to their displeasure that Plaintiff completed "hearing tests" in his own handwriting rather than entering the tests into the "TRAX" system.

15.

Many of Defendant's other employees had similarly been delinquent in using the TRAX system but did not have their employment terminated as a result.

16.

Following Plaintiff's termination, he was replaced by a young, entry level employee who, upon information and belief, was/is compensated far less than Plaintiff to perform the same duties Plaintiff had performed.

17.

At all times herein mentioned, Plaintiff was discriminated against on account of his age in violation of the Age Discrimination in Employment Act of 1967, codified at 29 U.S.C. § 623(a)(1), and he is therefore entitled to an award of consequential damages and attorney's fees.

18.

The discrimination was intentional, malicious, and reckless and Plaintiff is therefore is entitled to recover liquidated damages from Defendant at the maximum permitted amount.

WHEREFORE, Plaintiff prays that:

a) Process issue and the Defendant be served with the Summons and Complaint;

b) He recovers consequential damages from the Defendant;

c) He recover attorney's fees and expenses of litigation against Defendant in such an amount as may be shown at trial;

d) He recovers the maximum amount of liquidated damages as permitted by law;

e) He have a trial by jury; and

f) He have such other and further relief as may be just and appropriate.

**E-filed for Record**
**11/5/2020 9:54 AM**
**Floyd County, GA**

Respectfully submitted this 5th day of November 2020.

MCRAE, SMITH, PEEK, HARMAN
& MONROE, LLP

P.O. Box 29                                  s/Jason B. Sanker, Esq.
Rome, Georgia 30162-0029                     JASON B. SANKER
Phone No.: (706) 291-6223                    Georgia Bar No.: 142463
Facsimile No.: (706) 291-7429                *Attorneys for Plaintiff*
jsanker@msp-lawfirm.com

**E-filed for Record**
**11/5/2020 9:54 AM**
**Floyd County, GA**

EEOC Form 161 (11/16)                 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | **Michael R. Taylor**<br>**872 Friday Road, N.W.**<br>**Rome, GA 30165** | From: | **Atlanta District Office**<br>**100 Alabama Street, S.W.**<br>**Suite 4R30**<br>**Atlanta, GA 30303** |
|---|---|---|---|

| | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Aundrea L. Smallwood,** | |
| **410-2019-05625** | **Investigator** | **(404) 562-6879** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| **[X]** | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**AUG 1 0 2020**

Enclosures(s)

**Darrell E. Graham,**
**District Director**

*(Date Mailed)*

cc: | **Terrance Rice** | **Jason Sanker** |
|---|---|
| **EEO Specialist** | **MSP ATTORNEYS** |
| **GEORGIA PACIFIC** | **111 Bridgepoint Plaza** |
| **133 Peachtree Street N.E.** | **Suite 300** |
| **Atlanta, GA 30303** | **Rome, GA 30161** |



**EXHIBIT**
A

**General Civil and Domestic Relations Case Filing Information Form**

☒ **Superior or** ☐ **State Court of** __FLOYD_____ **County**

| For Clerk Use Only | |
|---|---|
| **11/5/2020 9:54 AM** | |
| **Date Filed** _____ | **Case Number** _____ |
| **MM-DD-YYYY** | 20CV01953 |

**Plaintiff(s)**
TAYLOR        MICHAEL

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
GEORGIA-PACIFIC WOOD PRODUCTS SOUTH, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** JASON B. SANKER          **Bar Number** 142463          **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
      **Case Number**                  **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                              **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.
_____
_____

Version 1.1.18

**FF'S ENTRY OF SERVICE**                    SC-85-2

EXCEL GRAPHIC SERVICES  706 832-4600  888 265-5089  FLC788 507

...ion No. __20CV01953__

Superior Court ☒  Magistrate Court ☐
State Court ☐  Probate Court ☐
Juvenile Court ☐
Georgia __Floyd__ COUNTY

1 ...ed __November 5, 2020__

Attorney's Address:
MSP Attorneys
Jason B. Sanker, ESQ
P.O. Box 29
Rome, GA 30162-0029

_Michael Taylor_
Plaintiff

Vs.

Name and Address of Party to be Served:

CT Corporation System, Registered Agent
289 S. Culver Street
Lawrenceville, GA 30046-4805

_Georgia-Pacific Wood Products_
_South, LLC._
Defendant

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant_____
personally with a copy of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant_____
by leaving a copy of the action and summons at his most notorious place of abode in this county.

☐ Delivered same into hands of _____ described as follows:
Age, about _____ years; weight_____ pounds; height about _____ feet and _____ inches;
domiciled at the residence of defendant.

**CORPORATION**

☑ Served the defendant_Georgia Pacific Wood Products South LLC_
a Corporation, by leaving a copy of the within action and summons with _Linda Banks_
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of each posting by depositing a true copy of same in the United States Mail, First Class, in an envelope properly addressed to the defendant(s) at the address shown in each said summons, with adequate postage affixed thereon, containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this Court.

This__10__ day of ___Nov___, 20_20_

_____ So 300
DEPUTY

SHERIFF DOCKET_____ PAGE _____

**WHITE:** *Clerk*   **CANARY:** *Plaintiff*   **PINK:** *Defendant*

E-filed for Record
**11/19/2020 3:37 PM**
**Floyd County, GA**

**IN THE SUPERIOR COURT OF**
**FLOYD COUNTY, GEORGIA**

| | | |
|---|---|---|
| Michael Taylor | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | **FILE NO.: 20CV01953** |
| | ) | |
| vs. | ) | |
| | ) | |
| Georgia-Pacific Wood Products | ) | |
| South, LLC | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT
### TO CORRECT MISNOMER

COMES NOW Plaintiff **Michael Taylor** (hereafter "Plaintiff") and files and serves

this Motion for Leave to Amend Complaint to Correct Misnomer (hereafter "Motion"),

pursuant to O.C.G.A. §§ 9-11-15 and 9-10-132 as follows:

1.

Plaintiff filed his Complaint for Damages and Demand for Jury Trial (hereafter

"Complaint") on November 5, 2020, naming Georgia-Pacific Wood Products South, LLC

(hereafter "Defendant") as the Defendant.

2.

The Complaint was served on CT Corporation System as the registered agent of

Defendant on November 10, 2020 via personal service at 289 South Culver Street,

Lawrenceville, Georgia 30046-4805.  A Return of Service stating the same was filed in this

Court on November 16, 2020.

E-filed for Record
**11/19/2020 3:37 PM**
**Floyd County, GA**

3.

The undersigned counsel for Plaintiff received correspondence from CT

Corporation System on November 16, 2020, attached hereto as Exhibit "A".  It states

Georgia-Pacific Wood Products South, LLC withdrew to do business in the state of

Georgia and therefore the designation of the registered agent is revoked.

4.

This prompted further investigation, pursuant to which the undersigned counsel

learned that the correct name of the Defendant should be "Georgia-Pacific Wood

Products, LLC", whose registered agent is also CT Corporation System located at 289

South Culver Street, Lawrenceville, Georgia 30046-4805.  This is the same agent which

was served with the original Complaint, and the address is also the same.

5.

Where the real Defendant was properly served, an amendment to correct a

misnomer setting forth the correct identity of the Defendant is not a change of parties but

rather a correction of a misnomer, even if the Statute of Limitation has run. See *National*

*Office Partners, L.P. v. Stanley*, 293 Ga. App. 332 (2009).

6.

Here, the Plaintiff seeks to only change the name of the Defendant from "Georgia-

Pacific Wood Products South, LLC" to "Georgia-Pacific Wood Products, LLC".  The

registered agent for the new, correctly named Defendant is identical to the one who has

**E-filed for Record**
**11/19/2020 3:37 PM**
**Floyd County, GA**

already been served with the Complaint in this action.   The Plaintiff simply seeks to correct a misnomer.  Specifically, the Plaintiff seeks to remove the word "South".[1]

<center>7.</center>

Once granted leave to amend the Complaint, the Plaintiff will ensure personal service of the amended Complaint upon Georgia-Pacific Wood Products, LLC.

For the foregoing reasons, it is appropriate that the Court grant this Motion and allow the Plaintiff to file an Amended Complaint for Damages and Demand for Jury Trial which corrects the misnomer.  The proposed Amended Complaint is attached hereto as Exhibit "B".

Respectfully submitted this 19th day of November 2020.

<div style="margin-left:40%">

MCRAE, SMITH, PEEK, HARMAN
& MONROE, LLP

</div>

P.O. Box 29
Rome, Georgia 30162-0029
Phone No.: (706) 291-6223
Facsimile No.: (706) 291-7429
jsanker@msp-lawfirm.com

s/Jason B. Sanker, Esq.
JASON B. SANKER
Georgia Bar No.:  142463
*Attorneys for Plaintiff*

---

[1] Frankly, CT Corporation System should have recognized this fact and accepted service for Georgia-Pacific Products, LLC because "an entity in the business of serving as registered agent must be prepared to recognize the trade names of its clients and also to recognize some misstatements of its clients' names." See *National Office Partners, L.P. v. Stanley*, 293 Ga.App. 332, 334 (2008).

### IN THE SUPERIOR COURT OF
### FLOYD COUNTY, GEORGIA

| | | |
|---|---|---|
| Michael Taylor | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | **FILE NO.: 20CV01953** |
| | ) | |
| vs. | ) | |
| | ) | |
| Georgia-Pacific Wood Products | ) | |
| South, LLC | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

---

### CERTIFICATE OF SERVICE

I hereby certify that I am of counsel for Plaintiff, Michael Taylor in the above-stated case and that I have this day e-filed the PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO CORRECT MISNOMER upon which a copy was mailed via US Postal Service to the following:

CT Corporation System
289 South Culver Street
Lawrenceville, Georgia 30046-4805

This 19th day of November, 2020.

MCRAE, SMITH, PEEK, HARMAN
& MONROE, LLP

| | |
|---|---|
| P.O. Box 29 | s/Jason B. Sanker, Esq. |
| Rome, Georgia 30162-0029 | JASON B. SANKER |
| Phone No.: (706) 291-6223 | Georgia Bar No.: 142463 |
| Facsimile No.: (706) 291-7429 | *Attorneys for Plaintiff* |
| jsanker@msp-lawfirm.com | |



November 10, 2020

Jason B. Sanker
McRae, Smith, Peek, Harman & Monroe, LLP
111 Bridgepoint Plaza, Suite 300,
Rome, GA  30161

Re:  Michael Taylor, Pltf. vs. Georgia-Pacific Wood Products South, LLC, Dft.

Case No.  20CV01953

Dear Sir/Madam:

Georgia-Pacific Wood Products South LLC withdrew to do business in the State of GA on 02/02/2018. When an entity withdraws, the designation of the registered agent is revoked. Service can no longer be taken on behalf of this entity.

CT was unable to forward.

Very truly yours,


C T Corporation System

Log# 538568517

Sent By Regular Mail

cc:  --


**(Returned To)**

Jason B. Sanker
McRae, Smith, Peek, Harman & Monroe, LLP
111 Bridgepoint Plaza, Suite 300,
Rome, GA  30161



**E-filed for Record**
**11/19/2020 3:37 PM**
**Floyd County, GA**

## IN THE SUPERIOR COURT OF
## FLOYD COUNTY, GEORGIA

| | | |
|---|---|---|
| Michael Taylor | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | **FILE NO.: 20CV01953** |
| | ) | |
| vs. | ) | |
| | ) | |
| Georgia-Pacific Wood Products, LLC | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## <u>AMENDED COMPLAINT FOR DAMAGES</u>
## <u>AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff **Michael Taylor** (hereafter "Plaintiff") by and through his attorneys of record, and files his Amended Complaint for Damages and Demand for Jury Trial. The Plaintiff hereby changes the Defendants name from "Georgia-Pacific Wood Products South, LLC" to "Georgia-Pacific Wood Products, LLC". Aside from this revision the Complaint for Damages and Demand for Jury Trial remains unaffected by this amended pleading.

Respectfully submitted this _____ day of _____, 2020.

MCRAE, SMITH, PEEK, HARMAN
& MONROE, LLP

P.O. Box 29                                    <u>s/Jason B. Sanker, Esq.</u>
Rome, Georgia 30162-0029            JASON B. SANKER
Phone No.: (706) 291-6223            Georgia Bar No.: 142463
Facsimile No.: (706) 291-7429       *Attorneys for Plaintiff*
<u>jsanker@msp-lawfirm.com</u>



**IN THE SUPERIOR COURT OF**
**FLOYD COUNTY, GEORGIA**

| | | |
|---|---|---|
| Michael Taylor | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | FILE NO.: 20CV01953 |
| | ) | |
| vs. | ) | |
| | ) | |
| Georgia-Pacific Wood Products | ) | |
| South, LLC, | ) | |
| Defendant. | ) | |

**ORDER GRANTING LEAVE TO AMEND COMPLAINT**
**TO CORRECT MISNOMER**

WHEREAS, the Plaintiff's Motion for Leave to Amend Complaint to Correct Misnomer having come before this Court; and

WHEREAS it is apparent that Plaintiff incorrectly stated the Defendant's name by including the word "South";

IT IS HEREBY ORDERED that the Plaintiff's Complaint shall be amended to correct the misnomer and properly state the Defendant's name as Georgia-Pacific Wood Products, LLC.

So Ordered this _____ day of November, 2020.

_____
Honorable William Sparks
Floyd Co. Superior Court

Order Prepared By:

McRAE, SMITH, PEEK, HARMAN & MONROE, LLP

**_s/Jason B. Sanker_**
Attorney for Plaintiff
Georgia State Bar No. 142463
P.O. Box 29
Rome, Georgia 30162-0029
(706) 291-6223

IN THE SUPERIOR COURT FOR THE STATE OF GEORGIA
COUNTY OF FLOYD

MICHAEL TAYLOR,                    )
                                   )
        Plaintiff,                 )
                                   )
VS.                                )   CIVIL ACTION NO. 20CV01953JFL002
                                   )
GEORGIA-PACIFIC WOOD               )
PRODUCTS SOUTH, LLC,               )
        Defendant.                 )

**FILED IN OFFICE**
2:05PM
DEC 29 2020

_____
CLERK

## ORDER DENYING LEAVE TO AMEND COMPLAINT
## TO CORRECT MISNOMER

The plaintiff filed this action on November 5, 2020, against Georgia-Pacific Wood

Products South, LLC (hereinafter "GPWP South"). Service of process was made upon CT

Corporation System (hereinafter "CT"), the defendant's apparent registered agent, on

November 10, 2020, and the Sheriff's Entry of Service was filed on November 16, 2020.

On November 19, 2020, the plaintiff filed a "Motion for Leave to Amend Complaint to

Correct Misnomer" alleging that CT notified the plaintiff that GPWP South "...withdrew

to do (sic) business in the State of GA on 02/02/2018..." and that its status as registered

agent for this entity was revoked.  This prompted "further investigation" by the plaintiff

which led to his conclusion that the proper defendant which should have been named and

served is Georgia-Pacific Wood Products, LLC (hereinafter "GPWP") for which CT was

also the registered agent.

The Court finds the plaintiff's motion is controlled by the decision of the Georgia

Court of Appeals in *National Office Partners, L.P. v Stanley*, 293 Ga. App. 332 (2008).  In

that case, the plaintiff, Stanley, sued National Office Partners Capitol, LP (hereinafter

"NOP Capitol") instead of the intended defendant, National Office Partners, L.P.

(hereinafter "NOP"). The lawsuit was served on CT as registered agent for NOP Capitol. It was undisputed that NOP Capitol was not a corporation or limited partnership registered to do business in Georgia. CT returned the papers to Stanley's counsel with a note indicating that it was not the registered agent for NOP Capitol. There was no indication that NOP was ever served or was otherwise notified of the suit. Ultimately, Stanley obtained a default judgment against NOP Capitol and years later moved to correct the "misnomer" by substituting NOP for NOP Capitol thereby making NOP subject to the default judgment. The Court of Appeals reversed the trial court's order permitting the amendment based upon the plaintiff's failure to effect proper service on NOP, finding that Stanley was required to move for substitution of a new party defendant.

Like Stanley, the plaintiff contends GPWP was properly served through its registered agent, CT, and so a correction of a misnomer under O.C.G.A. §9-10-132 is appropriate. "Where the real defendant was properly served...an amendment to correct a misnomer to set forth the correct identity of [the] defendant is not a change of parties..." *Id.* at 333 (quoting *Foskey v Vidalia City School*, 258 Ga. App. 298, 300 (2002). It is also true that an "entity in the business of serving as registered agent must be prepared to recognize the trade names of its clients and also to recognize some misstatements of its clients' names." *Id.* at 334 (quoting *Carrier Transicold Div. v. Southeast Appraisal Resource Assoc.*, 233 Ga. App. 176, 177 (1998)). "On the other hand, where the substantive provisions of the complaint show that the defendant is not the client of the registered agent, the registered agent acts appropriately in returning the complaint to the plaintiff." *Id.* at 334.

It appears from the plaintiff's motion that the named defendant, GPWP South, is, or was, an entity registered to do business in Georgia. As such, service upon CT, as agent for GPWP South, was not proper service on GPWP, even though the same registered agent was served. Under these circumstances, the plaintiff is required to seek leave of the Court to add or substitute a party defendant who would then be required to be served with process. Like Stanley, the plaintiff now argues that CT should have known the plaintiff intended to sue and serve GPWP South, but the mere fact that CT happens to be the registered agent for both entities does not place the burden on CT to determine which party the plaintiff intended to sue. There is also no evidence upon which this Court could conclude that the GPWP South and GPWP are alter egos, sister corporations, or successor entities, although they may very well be such. Because GPWP South is, or at least was, an entity authorized to do business in Georgia, allowing an amendment to substitute a new party defendant would be improper.[1]

For the foregoing reasons, the Court hereby DENIES the Motion for Leave to Amend the Complaint to Correct a Misnomer, but the Court will entertain a Motion for Leave to Substitute the proper defendant.

IT IS SO ORDERED this 28th day of December, 2020.

William F. Sparks, Judge
Floyd County Superior Court
Rome Judicial Circuit

---

[1] It is worth noting the plaintiff indicates that if its motion is granted it "will ensure personal service of the amended complaint upon Georgia-Pacific Wood Products, LLC," but such service would not be required if this case involved a simple misnomer.

Page 3 of 3

E-filed for Record
1/8/2021 11:21 AM
Floyd County, GA

## IN THE SUPERIOR COURT OF
## FLOYD COUNTY, GEORGIA

Michael Taylor )
                                    )        **CIVIL ACTION**
                    Plaintiff,      )        **FILE NO.:  20CV01953**
                                    )
vs.                                 )
                                    )
Georgia-Pacific Wood Products       )
South, LLC                          )
                                    )
                                    )
                    Defendant.      )

### PLAINTIFF'S MOTION FOR LEAVE TO SUBSTITUTE PARTY DEFENDANT

COMES NOW Plaintiff **Michael Taylor** (hereafter "Plaintiff") and files and serves

this Motion for Leave to Substitute Party Defendant (hereafter "Motion"), pursuant to

O.C.G.A. §§ 9-11-15 and 9-11-21, showing as follows:

1.

Plaintiff filed his Complaint for Damages and Demand for Jury Trial (hereafter

"Complaint") on November 5, 2020, naming Georgia-Pacific Wood Products South, LLC

as the Defendant.

2.

The Complaint was served on CT Corporation System as the registered agent of

Georgia-Pacific Wood Products South, LLC on November 10, 2020 via personal service at

289 South Culver Street, Lawrenceville, Georgia 30046-4805.  The Return of Service was

filed in this Court on November 16, 2020.

3.

The undersigned counsel for Plaintiff received correspondence from CT Corporation System on November 16, 2020, attached hereto as Exhibit "A". It states, in pertinent part, that "Georgia-Pacific Wood Products South, LLC withdrew to do [sic] business in the State of GA on 02/02/2018. When an entity withdraws, the designation of the registered agent is revoked. Service can no longer be taken on behalf of this entity."

4.

This prompted further investigation, pursuant to which Plaintiff learned that the correct name of the Defendant is "Georgia-Pacific Wood Products, LLC", whose registered agent is also CT Corporation System located at 289 South Culver Street, Lawrenceville, Georgia 30046-4805. This is the same agent which was served with the original Complaint, and its address is also the same.

5.

Consequently, Plaintiff filed a Motion for Leave to Amend Complaint to Correct Misnomer ("Motion to Correct Misnomer") on November 19, 2020 seeking to change the name of the Defendant from "Georgia-Pacific Wood Products South, LLC" to "Georgia-Pacific Wood Products, LLC."

6.

This Court's Order Denying Leave to Amend Complaint to Correct Misnomer was filed on December 29, 2020. In the Order, this Court stated that while it had denied Plaintiff's Motion to Correct Misnomer, it "will entertain a Motion for Leave to Substitute the proper defendant".

7.

Plaintiff now submits this Motion seeking leave to substitute "Georgia-Pacific Wood Products, LLC" for "Georgia-Pacific Wood Products South, LLC" as the party defendant in this action.

8.

"Under the Civil Practice Act, different parties, who have not been served, can be added, dropped, or substituted only upon motion and court order. This means that a party, who has never been served and who is not so closely related to a party served as to be an alter ego, and has been mistaken for a real or fictional party, who was served, can only be substituted by amendment and court order in the exercise of the sound discretion of the court." *Foskey v. Vidalia City School*, 258 Ga. App. 298, 302 (2002).

9.

A plaintiff is permitted to amend his complaint to change the party against whom his claim is asserted, and said amendment relates back to the date of the original pleading, if three (3) criteria are met:

(1)   the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth in the original pleading;

(2)   the party to be added has received notice, within the statute of limitations period, of the institution of the action and will not be prejudiced in maintaining his defense on the merits; and

(3)    the party to be added knew or should have known that, but for a mistake

concerning the identity of the property party, the action would have been

brought against him.

O.C.G.A. § 9-11-15(c); *Smith v. Morris, Manning & Martin, LLP,* 293 Ga.App. 153, 167

(2008).  Because of this rule, if the original action was filed prior to being barred by the

statute of limitation, an amendment to such action would not be barred by the statute

even though the statutory period had run during the interim.  *Hines v. Rutherford*, 67 Ga.

606 (1881).

10.

In addition, when a party defendant is substituted after the applicable limitations

period, the amendment can relate back if "there is evidence that the failure to notify the

real party was the result of an obvious mistake and it is apparent that the substituted

party was the apparent defendant and the action always was against him." *Bailey v.*

*Kemper Group*, 182 Ga. App. 604, 605 (1987).

11.

Here, this Motion should be granted because the criteria set forth in O.C.G.A. § 9-

11-5(c) and *Smith* (supra) support Plaintiff's proposed substitution of Georgia-Pacific

Wood Products, LLC as the party defendant and relation back to the date of the original

pleading.  Specifically:

(1) the allegations contained in plaintiff's proposed Amended Complaint for

Damages and Demand for Jury Trial (attached as Exhibit "B" and hereafter

referred to as "Amended Complaint") are identical to those set forth in

4

E-filed for Record
1/8/2021 11:21 AM
Floyd County, GA

Plaintiff's original complaint and thus clearly arise out of the same conduct, transaction, and occurrence set forth in Plaintiff's original pleading;

(2) Georgia-Pacific Wood Products, LLC received sufficient actual notice of the institution of an action against it within the applicable statute of limitation period via service of process on its registered agent;[1] and

(3) the failure to name Georgia-Pacific Wood Products, LLC as the defendant in the original complaint was clearly the result of a mistake. The Complaint demonstrates that this case alleges discriminatory acts by Plaintiff's employer which has now been identified as Georgia-Pacific Wood Products, LLC and NOT Georgia-Pacific Wood Products South, LLC. The undersigned simply mistakenly added the word "South" to the name of the properly named defendant.

12.

Furthermore, even if the criteria set forth in O.C.G.A. § 9-11-15(c) and *Smith* had not been met, Plaintiffs' Motion should still be granted pursuant to the *Bailey* decision because the failure to notify the real party, Georgia-Pacific Wood Products, LLC, was the result of an obvious mistake, and it is apparent that it was the intended defendant against whom the action was to be brought.

---

[1] The Complaint had to be filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue from the EEOC on August 18, 2020. Suit was filed on November 5, 2020 and service was perfected five (5) days later on November 10, 2020. It is also noteworthy that Georgia-Pacific Wood Products, LLC filed a position statement on August 7, 2019 in response to Plaintiff's EEOC charge and therefore had notice of Plaintiff's claim more than a year before the limitations period expired. Plaintiff has not included a copy as an exhibit because the EEOC instructed that it was not to be shared except with persons with whom Plaintiff has a privileged relationship. A copy will be made available if this Court orders production of the same.

13.

The Plaintiff also shows this honorable court that there will be no prejudice to Georgia-Pacific Wood Products, LLC on account of its substitution as the party defendant in this case. The fact that Georgia-Pacific Wood Products, LLC is being substituted after the applicable limitations period does NOT qualify as prejudice.  See *Cannon v. Oconee County*, 353 Ga. App. 296, 301 (2019). Also, the original lawsuit was filed only two (2) months ago and no discovery has been conducted thus far. Georgia-Pacific Wood Products, LLC will have a full and fair opportunity to defend itself in this action.

14.

If granted leave to amend the Complaint, the Plaintiff will promptly ensure personal service of the Amended Complaint.

15.

For the foregoing reasons, it is appropriate that the Court grant this Motion and allow the Plaintiff to file his Amended Complaint, substituting Georgia-Pacific Wood Products, LLC as the party defendant.


Respectfully submitted this 8th day of January 2021.

MCRAE, SMITH, PEEK, HARMAN
& MONROE, LLP

P.O. Box 29
Rome, Georgia 30162-0029
Phone No.: (706) 291-6223
Facsimile No.: (706) 291-7429
jsanker@msp-lawfirm.com

s/Jason B. Sanker, Esq.
JASON B. SANKER
Georgia Bar No.:  142463
*Attorneys for Plaintiff*

6

**E-filed for Record**
**1/8/2021 11:21 AM**
**Floyd County, GA**

## IN THE SUPERIOR COURT OF
## FLOYD COUNTY, GEORGIA

|  |  |  |
|---|---|---|
| Michael Taylor | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | FILE NO.:  20CV01953 |
| | ) | |
| vs. | ) | |
| | ) | |
| Georgia-Pacific Wood Products | ) | |
| South, LLC | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I am of counsel for Plaintiff, Michael Taylor, in the above-stated case and that I have this day e-filed the PLAINTIFF'S MOTION FOR LEAVE TO SUBSTITUTE PARTY DEFENDANT and served a copy via US Postal Service mail to the following:

<div align="center">

CT Corporation System
289 South Culver Street
Lawrenceville, Georgia 30046-4805

</div>

This 8th day of January, 2021.

<div align="center">

MCRAE, SMITH, PEEK, HARMAN
& MONROE, LLP

</div>

P.O. Box 29
Rome, Georgia 30162-0029
Phone No.: (706) 291-6223
Facsimile No.: (706) 291-7429
jsanker@msp-lawfirm.com

s/Jason B. Sanker, Esq.
JASON B. SANKER
Georgia Bar No.:  142463
*Attorneys for Plaintiff*

Arrow



November 10, 2020

Jason B. Sanker
McRae, Smith, Peek, Harman & Monroe, LLP
111 Bridgepoint Plaza, Suite 300,
Rome, GA 30161

Re: Michael Taylor, Pltf. vs. Georgia-Pacific Wood Products South, LLC, Dft.

Case No. 20CV01953

Dear Sir/Madam:

Georgia-Pacific Wood Products South LLC withdrew to do business in the State of GA on 02/02/2018. When an entity withdraws, the designation of the registered agent is revoked. Service can no longer be taken on behalf of this entity.

CT was unable to forward.

Very truly yours,

C T Corporation System

Log# 538568517

Sent By Regular Mail

cc: --

**(Returned To)**

Jason B. Sanker
McRae, Smith, Peek, Harman & Monroe, LLP
111 Bridgepoint Plaza, Suite 300,
Rome, GA 30161



EXHIBIT

A

# IN THE SUPERIOR COURT OF
# FLOYD COUNTY, GEORGIA

Michael Taylor                    )
                                  )     **CIVIL ACTION**
          Plaintiff,       )     **FILE NO.: 20CV01953**
                                  )
vs.                               )
                                  )
Georgia-Pacific Wood Products, LLC )     **JURY TRIAL DEMANDED**
                                  )
          Defendant.       )

## AMENDED COMPLAINT FOR DAMAGES
## AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff **Michael Taylor** (hereafter "Plaintiff") by and through his attorneys of record, and files his Amended Complaint for Damages and Demand for Jury Trial. The Plaintiff hereby substitutes "Georgia-Pacific Wood Products, LLC" as the new defendant, replacing "Georgia-Pacific Wood Products South, LLC". The original Complaint for Damages and Demand for Jury Trial is hereby amended to name "Georgia-Pacific Wood Products, LLC" in place of "Georgia-Pacific Wood Products South, LLC" at each and every mention of the latter in the original Complaint for Damages and Demand for Jury Trial.

Aside from these specifically states revisions, the Complaint for Damages and Demand for Jury Trial remains otherwise unaltered by this pleading.

Respectfully submitted this 8th day of January, 2021.

          MCRAE, SMITH, PEEK, HARMAN
          & MONROE, LLP

P.O. Box 29                          s/Jason B. Sanker, Esq.
Rome, Georgia 30162-0029             JASON B. SANKER
Phone No.: (706) 291-6223            Georgia Bar No.: 142463
Facsimile No.: (706) 291-7429        *Attorneys for Plaintiff*
jsanker@msp-lawfirm.com



EXHIBIT

B

## IN THE SUPERIOR COURT OF
## FLOYD COUNTY, GEORGIA

| | | |
|---|---|---|
| Michael Taylor | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | **FILE NO.: 20CV01953** |
| | ) | |
| vs. | ) | |
| | ) | |
| Georgia-Pacific Wood Products | ) | |
| South, LLC | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER SUBSTITUTING PARTY DEFENDANT</u>

This matter is before the court on Plaintiff's Motion for Leave to Substitute Party Defendant in this action, pursuant to O.C.G.A. Sections 9-11-15 and 9-11-21. After considering Plaintiff's motion, the Court finds that Georgia-Pacific Wood Products, LLC should be substituted as the proper Defendant in this action. Plaintiff is granted leave to amend the Complaint, substituting Georgia-Pacific Wood Products, LLC as the party Defendant, and perfect service upon Georgia-Pacific Wood Products, LLC by and through its registered agent. The court further finds that Plaintiff's amendment shall relate back to the filing of the initial petition on November 5, 2020.

This _____ day of _____, 2021.

_____
William F. Sparks, Judge
Floyd County Superior Court
Rome Judicial Circuit

PREPARED BY:

MCRAE, SMITH, PEEK, HARMAN,
& MONROE, LLP

s/Jason B. Sanker, Esq.
JASON B. SANKER
Georgia Bar No. 142463
Attorneys for Plaintiff
P.O. Box 29
Rome, Georgia 30162-0029
(770) 291-6223

# IN THE SUPERIOR COURT OF
# FLOYD COUNTY, GEORGIA

Michael Taylor )
)                    **CIVIL ACTION**
                      Plaintiff,        )                    **FILE NO.: 20CV01953**
)
vs. )
)
Georgia-Pacific Wood Products )
South, LLC )
)
)
                      Defendant.        )

**FILED IN OFFICE**

JAN 11 2021

*Connie Hamrick*

**CLERK**

## ORDER SUBSTITUTING PARTY DEFENDANT

This matter is before the court on Plaintiff's Motion for Leave to Substitute Party Defendant in this action, pursuant to O.C.G.A. Sections 9-11-15 and 9-11-21. After considering Plaintiff's motion, the Court finds that Georgia-Pacific Wood Products, LLC should be substituted as the proper Defendant in this action. Plaintiff is granted leave to amend the Complaint, substituting Georgia-Pacific Wood Products, LLC as the party Defendant, and perfect service upon Georgia-Pacific Wood Products, LLC by and through its registered agent. The court further finds that Plaintiff's amendment shall relate back to the filing of the initial petition on November 5, 2020.

This 8th day of January , 2021

William F. Sparks, Judge
Floyd County Superior Court
Rome Judicial Circuit

1

PREPARED BY:

MCRAE, SMITH, PEEK, HARMAN,
& MONROE, LLP

s/Jason B. Sanker, Esq.
JASON B. SANKER
Georgia Bar No. 142463
Attorneys for Plaintiff
P.O. Box 29
Rome, Georgia 30162-0029
(770) 291-6223

**IN THE SUPERIOR COURT OF
FLOYD COUNTY, GEORGIA**

| | | |
|---|---|---|
| Michael Taylor | ) | |
| | ) | **CIVIL ACTION** |
| Plaintiff, | ) | **FILE NO.: 20CV01953** |
| | ) | |
| vs. | ) | |
| | ) | |
| Georgia-Pacific Wood Products, LLC | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

<u>**AMENDED COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**</u>

COMES NOW Plaintiff **Michael Taylor** (hereafter "Plaintiff") by and through his attorneys of record, and files his Amended Complaint for Damages and Demand for Jury Trial.  The Plaintiff hereby substitutes "Georgia-Pacific Wood Products, LLC" as the new defendant, replacing "Georgia-Pacific Wood Products South, LLC".   The original Complaint for Damages and Demand for Jury Trial is hereby amended to name "Georgia-Pacific Wood Products, LLC" in place of "Georgia-Pacific Wood Products South, LLC" at each and every mention of the latter in the original Complaint for Damages and Demand for Jury Trial.

Aside from these specifically states revisions, the Complaint for Damages and Demand for Jury Trial remains otherwise unaltered by this pleading.

Respectfully submitted this 11th day of January, 2021.

MCRAE, SMITH, PEEK, HARMAN
& MONROE, LLP

P.O. Box 29                                    s/Jason B. Sanker, Esq.
Rome, Georgia 30162-0029            JASON B. SANKER
Phone No.: (706) 291-6223             Georgia Bar No.:  142463
Facsimile No.: (706) 291-7429        *Attorneys for Plaintiff*
jsanker@msp-lawfirm.com

## IN THE SUPERIOR COURT OF
## FLOYD COUNTY, GEORGIA

Michael Taylor )
)            **CIVIL ACTION**
        Plaintiff, )            **FILE NO.:  20CV01953**
)
vs. )
)
Georgia-Pacific Wood Products, LLC )
)
        Defendant. )

### CERTIFICATE OF SERVICE

I hereby certify that I am of counsel for Plaintiff, Michael Taylor, in the above-stated case and that I have this day e-filed the AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL and served a copy via US Postal Service mail to the following:

CT Corporation System
289 South Culver Street
Lawrenceville, Georgia 30046-4805

This 11ᵗʰ day of January, 2021.

MCRAE, SMITH, PEEK, HARMAN
& MONROE, LLP

P.O. Box 29                                s/Jason B. Sanker, Esq.
Rome, Georgia 30162-0029          JASON B. SANKER
Phone No.: (706) 291-6223          Georgia Bar No.:  142463
Facsimile No.: (706) 291-7429      *Attorneys for Plaintiff*
jsanker@msp-lawfirm.com

## IN THE SUPERIOR COURT OF
## FLOYD COUNTY, GEORGIA

Michael Taylor                          )
                                        )        CIVIL ACTION
                          Plaintiff,    )        FILE NO.:  20CV01953
                                        )
vs.                                     )
                                        )
Georgia-Pacific Wood Products, LLC      )
                                        )
                          Defendant.    )

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

JASON B. SANKER, EQUIRE
McRae, Smith, Peek, Harman & Monroe, LLP,
111 Bridgepoint Plaza, Suite 300
PO BOX 29
Rome, Georgia 30161

an answer to the petition which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____**12th**_____ day of ___**January**___, ~~2020~~. **2021**

Clerk of Superior Court

/s/ Amanda Ruddell
BY_____
                    Deputy Clerk

**'S ENTRY OF SERVICE** | SC-85-2 | EXCEL GRAPHIC SERVICES 706 232-4600  888 265-5065 • FLC786-507

Civil Action No. __20CV01953__

Date Filed __November 5, 2020__

|  |  |
|---|---|
| Superior Court | ☒ |
| State Court | ☐ |
| Juvenile Court | ☐ |
| Georgia __Floyd__ COUNTY | |

| Magistrate Court | ☐ |
| Probate Court | ☐ |

Attorney's Address:

MSP Attorneys
Jason B. Sanker, Esq.
PO Box 29
Rome, GA 30162-0029

Name and Address of Party to be Served:

CI Corporation System, Registered Agent

289 S. Culver Street

Lawrenceville, GA 30046-4805

__Michael Taylor__

_Plaintiff_

_Vs._

__Georgia-Pacific Wood Product, LLC__

_Defendant_

_____

_Garnishee_

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served the defendant_____
personally with a copy of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant_____
by leaving a copy of the action and summons at his most notorious place of abode in this county.

Delivered same into hands of _____ described as follows:
Age, about _____ years; weight _____ pounds; height about _____ feet and _____ inches;
domiciled at the residence of defendant.

**CORPORATION** ☒

Served the defendant _Georgia Pacific Wood Product LLC_
a Corporation, by leaving a copy of the within action and summons with _Linda Banks_
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of each posting by depositing a true copy of same in the United States Mail, First Class, in an envelope properly addressed to the defendant(s) at the address shown in each said summons, with adequate postage affixed thereon, containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant_____
not to be found in the jurisdiction of this Court.

This __15__ day of __Jan__, 20 __21__

_____ 50300
DEPUTY

RECEIVED 2021 JAN 15 AM 8:27   CIVIL DIV. G.C.S.O.

SHERIFF DOCKET_____ PAGE _____

**WHITE:** _Clerk_   **CANARY:** _Plaintiff_   **PINK:** _Defendant_